```
             IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


METAL PARTNERS REBAR, LLC      :
                               : CIVIL ACTION
          Plaintiff            :
                               :
     vs.                       :
                               : NO. 13-CV-3318
CARSON CONCRETE CORPORATION    :
and ANTHONY J. SAMANGO, JR.    :
                               :
          Defendants           :
```

## MEMORANDUM AND ORDER

**JOYNER, J.**                                    **July 15, 2015**

This case has again been brought before the Court for resolution of Plaintiff's Amended Motion for Attorneys' Fees and Costs. For the reasons set forth below, the motion shall be granted.

### History of the Case

As is fully explained in our May 6, 2015 Decision, this action arose out of a business relationship between the parties which went bad when Plaintiff began having difficulty delivering fabricated steel rebar in a timely fashion to several of Defendants' job sites in response to which the Defendants failed to pay Plaintiff for various quantities of product which the Plaintiff did deliver. After a short, half-day, non-jury trial on January 26, 2015, we issued a Decision awarding Plaintiff the

net amount of $147,238.38.[1]  Inasmuch as the Credit Agreement which Defendants signed at the inception of the parties' relationship provided that Defendants "agree to pay all court costs and reasonable attorneys fees if litigation is necessary to collect past sums...," we directed that in the event that Plaintiff wished to recover those fees and costs, it was to file a motion to mold the verdict within fourteen days of the entry date of the Decision.  Although Plaintiff did just that on May 18, 2015, we denied the motion without prejudice and with leave to re-file because it lacked adequate supporting documentation.  Plaintiff has now re-filed the motion and provided additional details such that we may now properly consider it.

## Discussion

Illinois[2] follows the "American Rule" with regard to recovery of attorneys' fees such that prevailing parties are prohibited from recovering their attorney fees from the losing party, absent express statutory or contractual provisions providing therefor.  <u>Sandholm v. Kuecker</u>, 2012 IL 111443, 356

---

[1] More particularly, we determined that the defendants, jointly and severally, owed Plaintiff $246,988.38 on its unpaid invoices but that this amount was properly offset by the $99,800 in damages that we found Plaintiff had caused Defendants as the result of its failure to deliver properly fabricated steel on time on multiple occasions.

[2] As we noted in the May 6th Decision, the Credit Application/Agreement contained a choice of law provision by which the parties agreed that any and all disputes between them should be governed by the laws of the state of Illinois.  <u>See</u>, <u>e.g.</u>, <u>Metal Partners Rebar, LLC v. Carson Concrete Corp.</u>, 13-CV-3318, 2015 U.S. Dist. LEXIS 59100 at *14, fn. 3 (E.D. Pa. May 6, 2015).

Ill. Dec. 733, 962 N.E.2d 418, 435 (2012); Fednav International, Ltd. v. Continental Insurance Co., 624 F.3d 834, 839 (7th Cir. 2010).  Because they are the exception to the general rule, statutes and contractual provisions that provide for the payment of another party's attorney fees are strictly construed.  Board of Directors for Countryside Condominium Ass'n. II v. Davis, 2013 IL App 1st 130165-U, 2013 Ill. App. Unpub. LEXIS 2568. *P13 (2013)(citing Chapman v. Engel, 372 Ill. App. 3d 84, 87, 310 Ill. Dec. 6, 865 N.E.2d 330 (2007)).  "The rationale for strictly construing fee-shifting provisions is that 'attorney fees can be a substantial expense and are an important consideration when entering into contracts,' and thus 'contracting parties must make clear their desire to deviate from the rule so the parties have notice of their potential liability when entering into or disputing a contract.'" Id, (quoting Negro Nest, LLC v. Mid-Northern Management, Inc., 362 Ill. App. 3d 640, 641-642, 298 Ill. Dec. 436, 839 N.E.2d 1083 (2005)).  However, only reasonable fees are allowed, and the determination of reasonableness is left to the trial court's discretion.  Commodity Futures Trading Commission v. Richards, No. 96 C 0334, 1996 U.S. Dist. LEXIS 13108 at *3 (N.D. Ill. Sept. 6, 1996)(citing Kaiser v. MEPC American Properties, Inc., 164 Ill. App. 3d 978, 115 Ill. Dec. 899, 518 N.E.2d 424, 427 (1987)).

Furthermore, "[t]he party seeking attorney fees bears the

burden of presenting sufficient evidence to establish that the requested fees are reasonable" and to adequately establish the reimburseable defense costs.  1010 Lake Shore Association v. Deutsche Bank National Trust Co., 2014 Ill App. 1st 130962 at *P28, 385 Ill. Dec. 443, 19 N.E.3d 1, 9 (Ill. App. 2014)(citing Palm v. 2800 Lake Shore Drive Condominium Ass'n., 401 Ill. App. 3d 868, 340 Ill. Dec. 990, 929 N.E.2d 641 (2010)); Ace American Insurance Co. v. RC2 Corporation, Inc., No. 07 C 5037, 2009 U.S. Dist. LEXIS 35343 at *7 (N.D. Ill. April 23, 2009).  When determining the reasonableness of attorneys' fees pursuant to a fee-shifting statute, a 'lodestar' analysis, which multiplies the attorneys' reasonable hourly rates by the number of hours reasonably expended, is typically the starting point; however where fees are shifted pursuant to a contractual provision, reimbursement for commercially-reasonable fees is generally required no matter how the bills are stated.  Johnson Controls, Inc. v. Erdman Controls, Inc., 712 F.3d 1021, 1027 (7th Cir. 2013); Sato & Co., LLC v. S & M Produce, Inc., No. 08-CV-7352, 2010 U.S. Dist. LEXIS 85142 at *8 (N.D. Ill. August 16, 2010)(quoting A. Bauer Mechanical, Inc. v. Joint Arbitration Bd. Of Plumbing Contractors' Ass'n. and Chicago Journeymen Plumbers' Local Union 130, U.A., 562 F.3d 784, 793 (7th Cir. 2009)). Indeed, "[b]ecause the best evidence of the value of the lawyer's services is what the client agreed to pay him, an attorney's

actual billing rate is presumptively appropriate for use as the market rate." Spegon v. The Catholic Bishop of Chicago, 175 F.3d 544, 554-555 (7th Cir. 1999).

Once the petitioning party provides evidence of the proposed fees' reasonableness, the burden shifts to the other party to demonstrate the award's unreasonableness. Wachovia Securities, LLC v. Banco Panamericano, Inc., 674 F.3d 743, 759 (7th Cir. 2012). It should be noted that the party seeking attorneys' fees also bears the burden of proving the reasonableness of the number of hours worked. Sato, supra, (citing McNabola v. Chicago Transit Authority, 10 F.3d 501, 518 (7th Cir. 1993)). "'Hours spent are not reasonably expended if they are excessive, redundant, or otherwise unnecessary,' and "'[t]he Court must also disallow 'hours spent on tasks that would not normally be billed to a paying client and those hours expended by counsel on tasks that are easily delegable to non-professional assistance.'" Id, (quoting Stark v. PPM Am., Inc, 354 F.3d 666, 674 (7th Cir. 2004) and Spegon, 175 F.3d at 553). Furthermore, "[b]lock billing is not a good practice when fees will be sought and some of the attorney's work will not be awardable because block billing does not clearly separate out the awardable portions." Ace American Insurance Co. v. RC2 Corp., Inc., No. 07 C 5037, 2009 U.S. Dist. LEXIS 35343 at *7 (N.D. Ill. Apr. 23, 2009)(citing Thomas ex rel. Smith v. Sheahan, 556 F. Supp. 2d 861, 891 (N.D. Ill. 2008)). It

is however, within the district court's discretion as to how to determine an appropriate allocation of block billing.  Id.

In applying the preceding legal principles to Plaintiff's counsel's motion for fees and costs in this matter, we note that there were primarily two attorneys responsible for litigating this case: Jeffrey D. Kurtzman and Scott Schectman.  In 2013, Mr. Kurtzman's hourly billing rate was $470; in 2014, it rose to $480 and in 2015 became $490 per hour.  The charges for Mr. Schectman's services in 2013 and 2014 was $270 per hour; in 2015, his hourly rate was increased to $275.  Although there is nothing attached to the plaintiff's motion attesting to the reasonableness of these rates, it appears from the Klehr Harrison Harvey Branzburg website that Mr. Kurtzman is a 1985 graduate of the Benjamin Cardozo Law School, that he is a partner at the firm specializing in Bankruptcy and Corporate Restructuring and has been admitted to practice before the courts in Pennsylvania, New Jersey and New York.  Mr. Schectman is an associate in the Bankruptcy/Corporate Restructuring practice group who graduated Magna Cum Laude from the Syracuse University School of Law in 1998 and who has also been admitted to practice in Pennsylvania New Jersey and New York.  Klehr Harrison is a medium-size law firm with some 70 plus attorneys and offices in Philadelphia, Pennsylvania, Cherry Hill, New Jersey and Wilmington, Delaware. In view of these facts and given the presumption that an

attorney's billing rate is appropriate for use as the market rate, we find that the rates for Mr. Kurtzman's and Mr. Schechtman's services are reasonable.

We further find after reviewing the copies of the bills attached to the plaintiff's motion, that with a few exceptions, the time billed for performing the various tasks relative to this case was also for the most part reasonable.  Those exceptions are as follows:

> (1) The expenditure of six hours of time in preparation of the Initial Disclosures;
>
> (2) Spending some 25.5 hours in, among other things, reviewing documents and preparing for depositions;
>
> (3) The expenditure of 10.4 hours in preparation of a motion for summary judgment.

This is not a particularly complex matter.  It is in essence, a relatively simple breach of contract action in which the Plaintiff sought to be paid for materials which it delivered to the Defendants' job sites and in which the Defendant counter-claimed for its "cover" damages pursuant to the Uniform Commercial Code.  There were approximately five depositions taken and the case took one-half of a day to try.  Although Defendants filed a motion to dismiss at the outset of the litigation, no summary judgment motions were filed.  For these reasons, we disallow the 10.4 hours claimed for the preparation of a summary judgment motion, five hours shall be deleted from the time spent in document review and deposition preparation and we find that

four hours should have been more than enough time to draft and file the Initial Disclosures.  Given that all of this time was time billed by Mr. Schectman at the hourly rate of $270, we shall adjust the $66,088.50 in total attorneys' fees sought by the sum of $4,698[3] and shall therefore award Plaintiff attorneys' fees in the total amount of $61,390.50.

Plaintiff also claims that it is entitled to recover the out-of-pocket expenses which it incurred in connection with the litigation consisting of filing fees, postage, photocopying, court reporting, travel and miscellaneous phone/conference call and Pacer charges totaling $5,542.13.  While these charges all appear reasonable, under the Credit Agreement, Defendants agreed to pay only "all court costs."   (Credit Agreement, ¶11).  Pursuant to 28 U.S.C. §1920,[4] "costs" are generally defined as:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of the title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of

---

[3] Representing a reduction of 17.4 hours at the rate of $270 per hour.

[4] Inasmuch as Plaintiff has offered no further explanation of what "court costs" was understood by the parties to mean or what costs were contemplated to be included in this clause of the credit agreement, we look to this statute for guidance.

>   special interpretation services under section 1828 of this
>   title.

Thus we disallow Plaintiff's claim for telephone and conference calling expenses, travel, postage and meal expenses as not provided for under the credit agreement.  We therefore find that Plaintiff is entitled to recover properly allowable costs in the total amount of $5,221.78 for filing fees, photocopying and court reporter expenses.  For all of the above reasons, Plaintiff's Amended Motion for Attorneys' Fees and Costs shall be granted pursuant to the attached Order.